PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOLLY N. ANDERSON, | ) | |
| | ) | CASE NO. 5:14CV1272 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CONNIE SUTTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |

Pending before the Court are the parties' positions on what remains to be resolved and the manner in which they believe resolution should occur. ECF Nos. 140, 141, 142. The Court has been advised, having reviewed the record, including the parties' filings, conducted a hearing, and reviewed the applicable law. For the reasons that follow, the Court (1) finds that Portage County Defendants' crossclaim[1] against Defendant Sutton is moot, and dismisses it without prejudice (ECF No. 13, ¶¶ 47-50); (2) clarifies its earlier findings and declares that Portage County Defendants has a duty to defend Sutton in this litigation; and (3) declines to exercise supplemental jurisdiction over Count Two of Defendant Sutton's crossclaims seeking declaration that Portage County Defendants are required to indemnify Sutton (ECF No. 60, ¶¶ 21-26).

**I. Background and Procedural History**

---

[1] Defendant's sole crossclaim states: "In the event that judgment is rendered against these answering Defendants, then they are entitled to complete indemnity from Defendant Sutton, whose criminal acts were the sole and only proximate cause of Plaintiff's injuries, if any." *Id*.

(5:14CV1272)

The origins of this case date back over two years when, on June 6, 2014, Plaintiff filed a Complaint (ECF No. 1) asserting claims under 42 U.S.C. § 1983 for violations of her Eighth and/or Fourteenth Amendment rights to protection from cruel and unusual punishment while in custody at Portage County Jail in Ravenna, Ohio.[2] During a protracted period of discovery the Court, among other things, appointed *pro bono* counsel to represent Defendant Connie Sutton (ECF No. 31) and granted Defendant Sutton's Motion to Set Aside Default Judgment (ECF No. 42). Thereafter, the proceedings progressed as follows.

A. Evidentiary Hearing and Summary Judgment Ruling

Following the close of discovery, the Court granted Portage County Defendants' motion for hearing regarding its duty to defend Sutton (ECF No. 68) pursuant to Ohio Revised Code § 2744.07(C). *See* ECF Nos. 94, 95, 96. The parties filed exhibits (ECF Nos. 102, 103), and the Court held an evidentiary hearing on January 15, 2016. During the hearing, testimony and documentary evidence were presented by Defendant Sutton and Portage County Defendants. *See* Mins. of Proceeding, Jan. 19, 2016.

Following the evidentiary hearing, the Court adjudicated Portage County Defendants' then ripe motions for summary judgment. *See* ECF Nos. 81, 82, 86, 87, 89, 90. On March 31, 2016, the Court granted summary judgment in favor of Portage County Defendants on Plaintiff's constitutional law claims, and denied summary judgment on Defendant Sutton's crossclaims seeking declaration that Portage County Defendants had a duty to defend and indemnify her in

---

[2] In the interest of judicial efficiency, the Court incorporates by reference the Factual and Procedural Background from the Court's Memorandum of Opinion and Order issued March 31, 2016. ECF No. 104 at PageID #: 2439-42.

(5:14CV1272)

this litigation.  ECF No. 104 at PageID #: 2464.  The Court held that "a genuine issue of material fact existed as to whether Sutton's conduct was within the scope of her employment."  *Id.*

      B.   <u>Post- Summary Judgment Remaining Claims & Trial Bifurcation</u>

After issuing its summary judgment ruling, the Court set a trial date on all remaining claims between the parties.  *See* Civil Trial Order, ECF No. 105.  The four remaining claims included: (1) Plaintiff's constitutional law claims against Defendant Sutton; (2) Portage County Defendants' crossclaim for an order of indemnity against Sutton (ECF No. 13, ¶¶ 47-50); (3) Count One of Sutton's crossclaims seeking declaration that Portage County Defendants had a duty to defend (ECF No. 60,  ¶¶ 15-20); and (4) Count Two of Defendant Sutton's crossclaims seeking declaration that Portage County Defendants are required to indemnify Sutton (ECF No. 60,  ¶¶ 21-26)

On motion of Portage County Defendants (ECF No. 106) the Court subsequently bifurcated the trial on grounds that "the bifurcation of (1) Plaintiff Anderson's claim against Defendant Sutton from (2) Defendant Sutton's cross-claim for indemnification against the County Defendants will preserve judicial economy [because] Sutton's claim could become moot as a result of the trial of Anderson's constitutional claim."  ECF No. 130 at PageID #: 3080.  The Court reasoned that "Judgment in Sutton's favor on Anderson's constitutional claim would obviate the need for trial of the indemnification claim[, and, therefore,] Sutton would have no need to seek indemnification from the County Defendants without a judgment against her."  *Id.*  The Court determined that Plaintiff's constitutional law claims against Defendant Sutton would proceed to trial as scheduled, and a later trial date would be set for Sutton's indemnification

(5:14CV1272)

claim should a trial become necessary. *Id.* Trial on Plaintiff's claims against Sutton was set to begin on July 18, 2016. ECF No. 105.

  C. Consent Judgment Entry & Sutton's Assignment of Indemnity Rights

On July 8, 2016 Plaintiff and Defendant Sutton notified the Court of their intention to settle and not proceed to trial on Plaintiff's constitutional law claims against Sutton. *See* Joint Notice Regarding Trial Status, ECF No. 135. The Court subsequently issued Consent Final Judgment Entry ("Consent Judgment") in favor of Plaintiff and against Defendant Sutton in the amount of $70,000. ECF No. 137. As a result, the trial set for July 18, 2016 was cancelled. *See* Order, July 14, 2016. The following day, Plaintiff and Sutton also jointly notified the Court that Sutton had assigned to Plaintiff her rights to indemnity from Defendant Portage County pursuant to Count Two of Sutton's crossclaims against Portage County. ECF No. 138. The parties also jointly notified the Court that Plaintiff "will prosecute those rights as Sutton's assignee." *Id.*

The terms of the Assignment of Rights and Covenant Not to Execute Judgment[3] ("the Assignment") include, among other things, that:

> **2. ASSIGNMENT OF INDEMNITY RIGHTS**
>
> Sutton assigns to Plaintiff any and all past, present, or future indemnification rights she currently holds or will hold under Ohio Revised Code § 2744.07(A)(2) with respect to Lawsuit and the Use of Force (the "Assigned Rights"). The Assigned Rights do not include the right, under Ohio Revised Code § 2744.04(A)(1), to recover attorneys' fees and expenses that Sutton, through her counsel, has accrued or will accrue before the final conclusion of the Lawsuit. . . .

---

[3] The Assignment of Rights and Covenant Not to Execute Judgment ("the Assignment"), is attached to the parties' Joint Notice as Exhibit A, ECF No. 138-1.

(5:14CV1272)

> After execution of this Agreement, the obligation to pursue enforcement of the Assigned
> Rights belongs to Plaintiff. . . .
>
> **3.    COVENANT NOT TO EXECUTE**
>
> In exchange for Sutton's assignment of the Assigned Rights, Plaintiff agrees not to execute against Sutton's present and future assets, income, property, and ownership rights (including assets, income, property, and ownership rights that Sutton co-owns or in which she has a partial ownership interest) the amount resulting from this computation:
>
> (The dollar amount set forth in the Consent Judgment)
>
> *minus*
>
> (The dollar amount ultimately recovered from the Portage County Defendants, if any, through Plaintiff's effort to enforce the Assigned Rights)
>
> **6.    FINAL CONCLUSION OF THE LAWSUIT**
>
> The Parties agree that final conclusion of the Lawsuit will occur upon the later of (i) entry of final judgment in the Lawsuit, on all claims in the Lawsuit, which is not appealed or (ii) entry of final judgment in the Lawsuit, on all claims in the Lawsuit, after appeal and which is not subject to further appeal.

ECF No. No. 138-1 at PageID #: 3112-13.

    D.    Resolution of Remaining Claims

Now, there remain three claims before the Court: (1) Portage County Defendants' Crossclaim for an order of indemnity against Sutton (ECF No. 13, ¶¶ 47-50); (2) Count One of Sutton's crossclaims seeking declaration that Portage County Defendants had a duty to defend (ECF No. 60, ¶¶ 15-20); and (3) Count Two of Defendant Sutton's crossclaims seeking declaration that Portage County Defendants are required to indemnify Sutton (ECF No. 60, ¶¶

(5:14CV1272)

21-26). In addition, the parties have raised the issue of whether the Court should award attorneys' fees to Defendant Sutton's court-appointed *pro bono* counsel pursuant to Ohio Revised Code § 2744.07. *See* Portage County Defendants' Brief Regarding Outstanding Issues, ECF No. 141 at PageID #: 3133-36; Defendant Connie Sutton's Notice About Pending Trial Issues, ECF No. 142 at PageID #: 3160-69. Having reviewed the parties' positions as to what remains to be resolved in this case, and the manner in which the resolution is to occur (ECF Nos. 140, 141, 142), the Court resolves the remaining claims and discusses the issue of attorneys' fees and costs.

## II.  Portage County Defendants' Crossclaim

Portage County Defendants filed a crossclaim seeking "an order of indemnity in their favor and against Defendant for any and all losses or damages which they are required to pay to Plaintiff." ECF No. 13 at PageID #: 82. As noted above, the crossclaim pleads: "In the event that judgment is rendered against these answering Defendants, then they are entitled to complete indemnity from Defendant Sutton, whose criminal acts were the sole and only proximate cause of Plaintiff's injuries, if any." ECF No. 13, ¶ 50. Noticeably, the crossclaim was not addressed in Portage County Defendants' Brief Regarding Outstanding Issues (ECF No. 141). In her Notice About Pending Trial Issues, Defendant Sutton requests leave to file dispositive motions and brief the matter for the Court's resolution. ECF No. 142 at PageID #: 3156-57.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has no authority to render a decision upon moot questions. *United States v. City of Detroit,* 401 F.3d 448, 450-51 (6th Cir. 2005) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). "A case becomes moot when the issues

(5:14CV1272)

presented are no longer live or parties lack a legally cognizable interest in the outcome." *Id.* (citing *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). The mootness inquiry must be made at every stage of a case. *Id.* (citing *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir.1997) (en banc)).

The claims under which Portage County Defendants could possibly have sought indemnity from Defendant Sutton for judgment against Portage County Defendants were Counts Two, Three, and Four of Plaintiff's Complaint alleging violations of her Eighth and/or Fourteenth Amendment rights to protection from cruel and unusual punishment against Defendants John Does 1-5 correctional officers and employees of the Portage County Board of Commissioners, Defendant Sheriff David Doak, and Portage County Board of Commissioners (collectively "Portage County Defendants"). ECF No. 11 at PageID #: 64-66. The Court granted summary judgment in favor of Portage County Defendants and against Plaintiff on Counts Two, Three, and Four. ECF No. 104 at PageID #: 2448-56, 2464. Therefore, Counts Two, Three, and Four are no longer before the Court. To the extent that Portage County Defendants seek an order of indemnity for judgment rendered against them and in favor of Plaintiff in this action as to Counts Two, Three, and Four, their claim is moot.

Accordingly, Portage County Defendants' Crossclaim (ECF No. 13, ¶¶ 47-50) is dismissed without prejudice. Defendant Sutton's request to file dispositive motions as to Portage County Defendants' Crossclaim is denied.

### III. Count One of Sutton's Crossclaims (Duty to Defend)

On motion of Portage County Defendants, and pursuant to Ohio Revised Code § 2744.07(C), the Court held an evidentiary hearing on Count One of Defendant Sutton's

(5:14CV1272)

crossclaims seeking declaration that Portage County Defendants had a duty to defend (ECF No. 60, ¶¶ 15-20).[4]  At the hearing, the Court considered all evidence and arguments submitted by the parties.  The parties agree that, having held an evidentiary hearing the question of whether Portage County Defendants had a duty to defend Sutton under Ohio Revised Code § 2744.07(A)(1) is ripe for adjudication.[5]  *See* ECF No. 140 at PageID #: 3120; ECF No. 141 at PageID #: 3127 ("The Court never ruled on the issue of whether Portage County owed a duty to defend Sutton."); ECF No. 142 at PageID #: 3158 ("[T]he parties agree that the next step is for the Court to issue its decision").  *See also* Portage County Defendants' Motion to Bifurcate Trial,

> While the Court ruled on the pending motion for summary judgment, and found that genuine issues of material fact exist related to the duty to defend, it has not yet issued a ruling in relation to the motion requesting that the Court weigh the evidence and decide whether the County Defendants owe a duty to Defendant Sutton. Once the Court decides this issue, there will be nothing left for the jury to consider. Pursuant to R.C. §2744.07(C) it is the Court, and not the jury, that is charged with weighing the evidence and deciding whether the County Defendants have a duty to defend the Plaintiff.

ECF No. 106 at PageID #: 2483-84

Ohio Revised Code § 2744.07(A)(1) governs the circumstances in which a political subdivision must defend its employees in litigation and provides: "The political subdivision has

---

[4] The parties do not dispute that Ohio Revised Code § 2744.07(C) provides the appropriate procedure to adjudicate Count One of Defendant Sutton's crossclaims.  *See* ECF No. 140 at PageID: 3120; ECF No. 141 at PageID #: 3127.

[5] Although the Court did not issue a ruling, at the time of the evidentiary hearing, the Court's jurisdiction over the state law claim was not disturbed.  Therefore, contrary to Portage County Defendants' argument, the claim is not moot.  The evidentiary hearing was held on January 15, 2016.  *See* Mins. of Proceeding, Jan. 19, 2016.  Six months later, Plaintiff and Defendant Sutton's Consent Judgment was entered on July 14, 2016.  *See* ECF No. 137.

(5:14CV1272)

the duty to defend the employee if the act or omission occurred while the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities."  In short, "[t]o be entitled to a *defense*, the employee—Sutton—must demonstrate [at the evidentiary hearing] that she (1) acted in good faith and (2) [did] not act manifestly outside the scope of employment." ECF No. 104 at PageID #: 2457 (citations omitted).  *See also* Ohio Revised Code § 2744.07(A)(1).  Moreover, § 2744.07(A)(1) provides that: "If *the court* determines that the employee was acting both in good faith and not manifestly outside the scope of employment or official responsibilities, the court shall order the political subdivision to defend the employee in the action."  (emphasis added).

To that end, the Court clarifies its findings regarding Portage County Defendants' duty to defend Sutton in this litigation (previously offered in its Memorandum of Opinion and Order on Portage County Defendants' motion for summary judgment) (ECF No. 104).  The Court finds that the video recorded evidence and transcript (ECF Nos. 68-2, 68-3, 103-20) support a finding that Sutton acted in good faith.[6]  In the interest of judicial efficiency, the Court incorporates by reference its legal and factual findings as discussed in its Memorandum of Opinion and Order. *See* ECF No. 104 at PageID #: 2458-59.

The Court also finds that Sutton did not act manifestly outside the scope of employment. Specifically, the Court finds that:

> Sutton used force against Anderson after Anderson refused commands from Sutton and touched Sutton in an offensive and combatant manner.  Portage County has a Use of Force Policy that dictates when and how a corrections officer may use force.  The

---

[6] This finding persists without the Rule 56 requirement to view evidence in light most advantageous to nonmovant.

(5:14CV1272)

> policy authorizes the use of force for, among other reasons, 'controlling or subduing an inmate who refuses to obey jail rules' and 'for purposes of self-defense.' This is consistent with the scope of authority Ohio Administrative Law gives corrections officers to use force in discharge of their duties. . . . Even though Sutton's use of force was subsequently determined to be unjustified by prison authorities and a jury, it was nonetheless in furtherance of the jail's business of maintaining order over inmates. . . . Ohio law and jail policy authorized Sutton the discretion to use force as part of her job as a corrections officer.

ECF No. 104 at PageID #: 2463-64 (citations omitted).

Accordingly, the Court enters judgment in favor of Defendant Sutton, and against Portage County Defendants, on Count One of Sutton's crossclaims (ECF No. 60, ¶¶ 15-20). The Court declares that, pursuant to Ohio Revised Code § 2744.07(A)(1), Portage County Defendants have a duty to defend Defendant Connie Sutton against Plaintiff's claims that Sutton violated her Eighth and/or Fourteenth Amendment rights to protection from cruel and unusual punishment.

### IV.  Count Two of Sutton's Crossclaims (Indemnity)

The Court's jurisdiction over this case arose from Plaintiff's constitutional law claims against defendants, pursuant to 42 U.S.C. § 1983, alleging violations of her Eighth and/or Fourteenth Amendment rights to protection from cruel and unusual punishment. Thus, pursuant to 28 U.S.C. § 1331, the Court had original jurisdiction of Plaintiff's civil action arising under the federal law. After the Court issued summary judgment in favor of Portage County Defendants (ECF No. 104) and later entered the Consent Judgment in favor of Plaintiff (ECF No. 137), Plaintiff's federal law claims were resolved and no longer before the Court. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over the remaining state law claims.

(5:14CV1272)

Although a federal district court may exercise supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367(a) as part of the same case or controversy, § 1367(c) gives federal courts the discretion to decline supplemental jurisdiction over a state law claim when "the district court has dismissed all claims over which it has original jurisdiction" or "the claim raises a novel or complex issue of state law."  See 28 U.S.C. §§ 1367(c)(1), (3).  "When considering whether to exercise supplemental, or pendent, jurisdiction over state law claims, the Court should consider the interests of judicial economy . . . and balance those interests against needlessly deciding state law issues. *Dickson v. Gen. Elec. Co.*, No. 4:15CV353, 2015 WL 1530660, at *2 (N.D. Ohio Apr. 6, 2015) (Pearson, J.) (citing *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004)).  *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.").

The Court finds that, balancing the interests described above, needlessly deciding state law issues weighs most heavily against the exercise of jurisdiction.  At this juncture, the parties have fully litigated Count One of Defendant Sutton's crossclaims pursuant to the Court's supplemental jurisdiction over that state law claim.  Even before granting Portage County Defendants' motion to bifurcate trial last June, the bulk of the activity in this case has been focused on adjudicating whether Portage County Defendant owed Sutton a duty to defend.  The Court (in this writing) has also dismissed Portage County Defendants' Crossclaim against Sutton as moot.  Therefore, the sole remaining claim is Count Two of Defendant Sutton's crossclaims ("Count Two"), seeking declaration that Portage County Defendants are required to indemnify

(5:14CV1272)

Sutton in this action—a state law claim brought pursuant to Ohio Revised Code § 2744.07(A)(2).

The Court has not yet scheduled a trial for Count Two.  Similarly, it does not appear that the parties or the Court have taken any substantial steps toward proceeding with the next phase of litigation in this matter.  Moreover, the parties have convincingly informed the Court that the issue of indemnity is further complicated by the (fairly recently entered) Consent Judgment in favor of Plaintiff and the Assignment of Sutton's indemnity rights under Ohio Revised Code § 2744.07(A)(2) to Plaintiff.  The parties now dispute whether the Consent Judgment qualifies as a judgment for which indemnity is required under § 2744.07(A)(2); whether Plaintiff, as assignee, may enforce the Consent Judgment against Portage County Defendants; and, on this latter issue, whether *Trosper v. Geis*, No. 98AP-1517, 1999 WL 996967 (Ohio Ct. App. Nov. 4, 1999) is still controlling law.

As this case is in its early stages as to Count Two, there is no foreseeable prejudice to the parties that would be caused by litigating Count Two in state court.  The interests of comity against needlessly deciding state law issues would also be advanced by allowing the state court to address the state law issues presented by the Consent Judgment, the Assignment, and Count Two--Sutton's indemnity crossclaim.  *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim ... [if it] raises a novel or complex issue of state law"); *Ayers v. City of Cleveland*, No. 1:12-CV-00753, 2014 WL 3449419, at *2 (N.D. Ohio July 11, 2014) (Gwin, J.) (declining to exercise supplemental jurisdiction because "[t]he state courts are best suited to decide whether a plaintiff rather than an employee can bring a direct action for indemnification under [sic] Ohio Revised Code § 2744.07(A)(2)").

(5:14CV1272)

Accordingly, the Court declines to exercise supplemental jurisdiction over Count Two of Defendant Sutton's crossclaims against Portage County Defendants.

### V. Attorneys' Fees and Costs

Defendant Sutton demands "judgment be entered in her favor and against the Portage County Defendants . . . [a]warding her the costs of this action, including reasonable attorneys' fees, including pre-and post-judgment interest." ECF No. 60, ¶ C. The parties briefed, the issue of whether the Court should award attorneys' fees to Defendant Sutton's *pro bono* counsel pursuant to Ohio Revised Code § 2744.07(A)(1). *See* ECF No. 141 at PageID #: 3133-36; ECF No. 142 at PageID #: 3160-69.

It is well established that the Court "encourages members of the bar of the Northern District of Ohio to represent parties in civil actions who the presiding judicial officer determines cannot afford legal counsel." *See* Northern District of Ohio Pro Bono Civil Case Protocol, ¶ A. In furtherance of this policy, the Court reimburses court-appointed counsel for *pro bono* expenses up to $1,500. *Id.* at ¶ F. The Court also anticipates that when a party is represented by court-appointed *pro bono* counsel and "fees and costs are awarded under 42 U.S.C. § 1988 or any other fee-shifting statute," the reimbursement "must be repaid" by court-appointed *pro bono* counsel to the Court's fund. *Id.* at ¶ H.

"Indeed, it is well-settled that the existence of . . . *pro bono* representation agreement does not preclude a fee award, even where the statute limits fees to those incurred by the plaintiff in that action." *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 724 (6th Cir. 2012) (citing cases). Moreover, the Ohio Supreme Court has held:

(5:14CV1272)

> [W]here a political subdivision wrongfully refuses to defend a suit commenced against [an employee of] the subdivision, and the [employee] subsequently brings a declaratory judgment action against the subdivision to determine the subdivision's obligation to defend, the political subdivision must pay *the attorney fees, expenses and costs incurred* by the [employee], both in the action which the subdivision failed to defend and in the declaratory judgment action.

*Rogers v. Youngstown*, 574 N.E.2d 451, 454 (Ohio 1991) (emphasis added) (awarding attorney fees to political subdivision's employee-police officer).  *See also Whaley v. Franklin Cty. Bd. of Comm'rs.*, 752 N.E.2d 267, 270 (Ohio 2001) ("The governing case law interpreting R.C. 2744.07(A)(1) is set forth in *Rogers v. Youngstown* (1991), 61 Ohio St.3d 205, 574 N.E.2d 451.").

On October 15, 2014, the Court appointed *pro bono* counsel to represent Defendant Connie Sutton in this action.  ECF No. 31.  From the Notice filed, it appears that counsel for Defendant Sutton intend to seek an award of attorneys' fees and costs incurred in this action.  The Court must now determine the amount of such award of attorneys' fees and costs.  If it has not already been done, counsel for Defendant Sutton shall immediately provide the Court and counsel for Portage County Defendants with a complete and detailed record of the billable time charged for the legal services provided and the costs incurred in the case at bar.

Counsel for Defendant Sutton shall serve and file a single supplemental memorandum in support of their application for an award of attorneys' fees and costs on or before January 30, 2017.  Counsel shall address the following issues in their memoranda:  (1) the reasonable hourly rate; (2) the number of hours actually and reasonably expended on the case; and (3) the costs incurred.

(5:14CV1272)

If Portage County Defendants object any part of the submission by Sutton's counsel, it shall provide a detailed, specific explanation of why a *particular* cost or item of services rendered was not reasonably expended. The explanation must include a comprehensive presentation of all factual grounds and legal analysis in a non-conclusory fashion. Any objection shall be filed within 21 days after service of the supplemental memorandum.

### VI.  Conclusion

Accordingly:

Portage County Defendants' Crossclaim against Defendant Sutton is moot and dismissed without prejudice;

The Court declares that Portage County Defendants had a duty to defend Sutton in this action; and

The Court declines to exercise supplemental jurisdiction over Count Two of Defendant Sutton's crossclaims. Count Two is dismissed without resolution and without prejudice.

The case is hereby closed.

IT IS SO ORDERED.

  December 30, 2016                                  /s/ Benita Y. Pearson
 Date                                                Benita Y. Pearson
                                                     United States District Judge